NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                        :

SANDRA SIMMONS,             :

                        :

        Plaintiff,         :        Civ. No. 01-6186 (GEB)

                        :

        v.               :

                        :

JO ANNE B. BARNHART,      :        **MEMORANDUM OPINION**

COMMISSIONER OF           :

SOCIAL SECURITY,          :

                        :

        Defendant.     :

_____:

BROWN, District Judge

This matter comes before the Court upon the Petition of Pamela S. Levine ["Petitioner"], counsel for Plaintiff Sandra Simmons ["Plaintiff"], to collect attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $12,394.75 [Docket Entry #7].  This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  Defendant Jo Anne B. Barnhart ["Defendant"] and Plaintiff have not opposed the Petition.  This Court has considered the Petitioner's submissions, and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  The Petition will be denied without prejudice with leave of thirty (30) days to refile a Petition with the proper affidavit.

## I.    BACKGROUND

Plaintiff sought Social Security disability insurance benefits in November 1989 and November 1992.  (Pet. ¶ 4).  Defendant denied both applications.  (*Id.*).  On October 7, 1997,

Plaintiff retained Petitioner's law firm, Binder and Binder, to represent her in a third application for

Social Security disability insurance benefits. (*Id.* ¶ 2). Plaintiff signed a contingent-fee agreement

which indicated that the law firm would receive twenty-five percent of any past-due benefits awarded

to Plaintiff. (*Id.* ¶ 3). On September 12, 1997, Plaintiff's third application for Social Security

disability insurance benefits was filed. (*Id.* ¶ 4). The claim was denied initially, and subsequently

denied upon reconsideration on December 15, 1997. (*Id.*) On October 20, 1999, an administrative

law judge ["ALJ"] held the Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff's request for review to the Appeals Council was denied. (*Id.*).

Plaintiff filed a Complaint with this Court on December 28, 2001 alleging that Defendant's

decision to withhold disability insurance benefits from Plaintiff was contrary to the Social Security

Act. (Compl. ¶ 11). On July 24, 2002, upon Defendant's consent to remand, this Court reversed the

judgment of the ALJ and remanded the case to Defendant for further administrative action pursuant

to sentence four of 42 U.S.C. § 405(g).

On remand, Plaintiff was awarded past-due benefits. Defendant withheld $12,394.75, which

appears to be twenty-five percent of the past-due benefits, for the purpose of paying Plaintiff's

attorney fees. (*See* Pet'r Br., Ex. A). On July 19, 2004, G. Stephen Wright, the Regional Chief ALJ

for Region II, authorized Petitioner to collect a fee in the amount of $7,477.12 for services she

performed on behalf of the Plaintiff before the Social Security Administration. (*See id.*). On June

6, 2005, Petitioner filed her petition for attorney fees pursuant to § 406(b).

## II.   DISCUSSION

Under 42 U.S.C. § 406(b)(1), a court may award reasonable attorney fees when a favorable

judgment is rendered by the court to a plaintiff who was represented by an attorney.  42 U.S.C. §

406(b)(1).  The amount may not exceed twenty-five percent of the past-due benefits awarded to the

plaintiff.  *Id*.  This Court provided Plaintiff with a favorable verdict when it reversed the ALJ's

decision and remanded the action to the Social Security Administration for further proceedings. *See*

*Beggs v. Sullivan*, 1991 U.S. Dist. LEXIS 13109, at *2 (W.D. Pa. 1991) (consent to remand initiated

by defendant prior to determination of merits by district court constitutes a favorable verdict).

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), the Supreme Court addressed

contingent-fee agreements under § 406(b).  The Court held that courts should consider the fee

arrangement, including the contingent-fee agreement itself, as the first step in determining the

reasonableness of the fee requested by the § 406(b) petitioner.  *Id.*  Typically, the petitioner produces

a copy of the fee agreement for examination by the district court.  *See e.g. Coley v. Barnhart*, Civ.

No. 03-0045, 2005 U.S. Dist. LEXIS 7422, at *6 (W.D. Va. Apr. 28, 2005); *Boyd v. Barnhart*, Civ.

No. 97-7273, 2002 U.S. Dist. LEXIS 26690, at *3 (E.D.N.Y. Oct. 24, 2002).  When considering a

contingent-fee agreement, a court must give the agreement significant weight, but must also

independently assess the reasonableness of the fee yielded from the agreement.  *Gisbrecht*, 535 U.S.

at 808.  A court may take into consideration the character of the representation and the results of the

representation.  *See id.*  A requested fee should be reduced if the attorney contributed to any delays

that allowed for additional accumulation of past-due benefits, or if the attorney would be largely

compensated for a relatively small amount of her time and effort.  *See id.*  The court "may require

the claimant's attorney to submit . . . as an aid to the court's assessment of the reasonableness of the

fee yielded by the fee agreement, a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases." *Id.*

Although Petitioner's claim is not contested by Plaintiff or Defendant, this Court must still determine whether the fee resulting from the contingent-fee agreement is reasonable. *See id.* at 807 (Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases); *Salaberio v. Sec'y Health and Human Serv.*, Civ. No. 84-1618, 1988 U.S. Dist. LEXIS 4761, at *3 (D.N.J. Apr. 13, 1988) ("a claimant is unlikely to object to an allowance of a fee in accordance with his contingent fee arrangement, for, rightly or wrongly, he will usually give the lawyer all of the credit for the success in winning an award of benefits for him"); *see also Boyd*, 2002 U.S. Dist. LEXIS 26690, at *4-5 (lack of opposition from Defendant does not release court from examining reasonableness).

Petitioner bears the burden of justifying the requested fee to this Court. *See Blum v. Stentson*, 465 U.S. 886, 896 n. 11 (1984). This Court has not been provided with sufficient support for the Court to conduct a reasonableness evaluation as envisioned by *Gisbrecht*. Petitioner failed to produce a copy of the fee agreement, a record of time spent representing Plaintiff, and a statement of Petitioner's normal hourly billing charge for non-contingent fee cases. Petitioner notes that: (1) her practice focuses "exclusively on Social Security matters," (Pet. ¶ 6), (2) all of her Social Security cases are handled as contingent-fees for twenty-five percent of the awarded retroactive benefits, (*id.*), and (3) she is well-qualified for Social Security cases, as demonstrated by her experience before the Social Security Administration and district courts, and her other professional activities. (Pet'r Br. at 2-3). While these statements may be relevant, they alone do not satisfy the burden Petitioner must meet to justify her requested fees in light of *Gisbrecht*.

Furthermore, the Petitioner requests that this Court grant attorney fees in the amount of $12,394.75, "which represents the difference between § 406(b) and § 406(a)." (Pet. ¶ 8).  Section 406(a)(2)(A) provides that the Commissioner of Social Security may award attorney fees not greater than twenty-five percent of past-due benefits, for representation before the Commissioner of Social Security.  42 U.S.C. § 406(a)(2)(A).  The total combined amount of Petitioner's fees under §§ 406(a) and (b) may not exceed twenty-five percent of Plaintiff's awarded past benefits. *Guido v. Schweiker*, 775 F.2d 107, 108 (3d Cir. 1985).  Here, Defendant has set aside twenty-five percent of Plaintiff's awarded past-due benefits in the amount of $12,394.75.  The Commissioner awarded Petitioner fees in the amount of $7,477.12.  (*See* Pet. ¶ 7; Pet'r Br., Ex. A).  Therefore, if this Court were to award Petitioner attorney fees, the amount may not exceed the difference, or $4,917.63, in light of the statutory maximum.

## III.   CONCLUSION

For the foregoing reasons, Petitioner's Petition for attorney fees pursuant to 28 U.S.C. § 406(b) is denied without prejudice.  Plaintiff is granted leave of thirty (30) days to refile the Petition in accordance with this Opinion.

Date:   August 12, 2005

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.